JESÚS PÉREZ COSME ET AL., Petitioners, *v.* DISTRICT COURT OF SAN JUAN, Respondent.

No. 962. Argued April 23, 1934.—Decided September 29, 1934.

*Edelmiro Rivera Martínez* for petitioners.   *B. Dávila Rodríguez* for the intervener, defendant in the main action.

Mr. Justice Aldrey delivered the opinion of the Court.

At the request of Jesús Pérez Cosme and José Cruz, we issued a writ of certiorari and asked the lower court for the record.

In order to collect taxes owed by Juana Beatriz Vázquez, the collector of internal revenue of the town of Toa Baja attached a property of twelve acres and seventy-one hundredths of an acre, assessed at over $500, recorded in the name of Vicente Montañez and located in a ward of that town.   The property being sold at auction, it was adjudicated for the purchase price of $16.17 to Domingo Ríos, to whom the collector delivered the certificate of purchase on June 30, 1932.   On the 9th day of the following August, a little over a month afterwards, the collector notified said sale to Jesús Pérez Cosme and José Cruz, who had attachments on said property, the first for $1,000 and the second for $500.   On July 31, 1933, before a year from the notice to said attaching creditors had elapsed, the latter tendered to the purchaser

Ríos the $16.17 which he had paid at the auction, plus the other amounts required by law in order to be able to redeem the property, but Ríos refused to accept the same. In view of these facts, Jesús Pérez Cosme and José Cruz brought suit in the District Court of San Juan against Domingo Ríos and the Treasurer of Puerto Rico, depositing in the court the amount of $47.48 which they tendered to Ríos, and prayed that the court would approve of the deposit of the money and would order the cancellation in the registry of the record of the certificate issued in favor of Domingo Ríos. They added two other causes of action to that complaint, namely: to have the auction sale declared void, and also the certificate of purchase issued by the collector. The court ordered the summoning of the defendants in case they would choose to object to the deposit, which they did on various grounds. The plaintiffs abandoned their action against the Treasurer and moved for judgment on the pleadings against Ríos. The court denied the same, on the grounds that the plaintiffs did not comply in making the deposit with the procedure prescribed by Section 349 of the Political Code, and that on the assumption that the court had jurisdiction of the subject matter, which it denies, the same is ineffective as regards this case because the special procedure of the Political Code excludes the general one of the Civil Code. In refusing to reconsider that decision, the court added that other causes of action which are inconsistent with the deposit, cannot be joined in the proceeding therefor; and that the court has no jurisdiction to pass upon the deposit either by reason of the amount thereof or of the subject matter according to the Political Code. After these decisions, the plaintiffs filed, with leave of court, an amended complaint in which, disregarding the two causes of action of nullity which they had previously set forth, they set up the tender of payment made to Ríos on July 31, 1933, to redeem the property, and that on account of his refusal to accept the same, they applied on August 5, 1933, to the registrar of property of

San Juan, accompanied by two witnesses who saw the tender made to Ríos, so that they would swear to those facts before the said officer and that the latter would act in accordance with Section 349 of the Political Code and would consider the property as redeemed; and that the registrar refused to accept the money and the oath offered on the ground that the certificate of purchase was issued on June 30, 1932. For that reason the plaintiffs deposited the money in court in order that judgment be rendered considering the property as redeemed, its former owner as restored therein, subject to the attachments, and Ríos as paid for said sum, and that the registrar would be directed to annul and set aside the record he made in favor of Ríos. The defendant Ríos moved that the amended complaint be stricken out, and the court rendered judgment ordering the striking out and that the case be filed away for want of jurisdiction to pass upon the matter by means of the deposit proceeding.

After those decisions, the petition in certiorari was presented to us, wherein it is alleged as its basis and in substantial relation to the foregoing facts, that the decisions of the lower court are erroneous because it has jurisdiction over the matter, both by reason of the amount and of the subject matter: because there is no improper joinder of actions, and because the amended complaint sets up the same facts and refers to one of the actions alleged in the original complaint and confers jurisdiction to the court over the parties, over the subject matter, and over the object of the action.

Domingo Ríos claims as intervener that the writ of certiorari does not lie because the petition does not set up any error of procedure whatsoever; because the errors it mentions are of law; and because all the decisions complained of are appealable.

We could discharge the writ issued on the ground that it appears from the certified copy of the proceeding sent to us by the lower court that judgment has been rendered ordering the filing away of the case of the petitioners, thereby dis-

posing of it, and hence the questions set forth in this extraordinary remedy may be properly determined in the appeal from the judgment. However, for the sake of a speedier administration of justice and inasmuch as we have issued the writ of certiorari, it seems convenient to us in this case to decide right now the questions raised.

■ In the first complaint a deposit was made, the approval of which was sought, as well as that the property sold for taxes be considered as redeemed, and two other causes of action on nullity were exercised; but that complaint has been substituted for all purposes, except as to the date of its filing, by the amended one which has been filed, and therefore we shall only refer to the last one in deciding this proceeding. *Estate of Chavier* v. *Estate of Giráldez*, 15 P.R.R. 145; *Romero et al.* v. *Romero et al.*, 33 P.R.R. 105.

■ According to the facts we have stated with respect to the amended complaint, its object is inasmuch as the registrar of property refused to admit the deposit made to him by the plaintiffs in accordance with Section 349 of the Political Code and the affidavits relating to the tender of the redemption money made to the purchaser of the property on the ground that such request was made to him on August 5, 1934, that is, after a year from June 30, 1932, when the certificate of purchase was delivered to the purchaser, that the court declare, in consideration of the deposit made before it in the amount of $47.48, that the property has been redeemed in favor of its former owner. In other words, that the plaintiffs are entitled to the declaration by the court that the property has been redeemed, since they tendered the redemption money prior to August 9, 1933, four days before a year elapsed from the time the notice of the sale was given to the plaintiffs for the attachments they had on the property.

A deposit made in accordance with the provisions of the Civil Code is not now dealt with, as in the original complaint, but the fact that the special procedure fixed for redemption by the Political Code in such cases as the instant

having been followed, the registrar has refused to accept such deposit on the ground, mistaken according to the plaintiffs, that the time for redemption granted by the law is to be computed from the date of the certificate of sale delivered to the purchaser.

It does not appear from the amended complaint that the District Court of San Juan lacked jurisdiction in this matter by reason of the subject matter, for it sets forth that the procedure established for redemption by the Political Code was followed, but that the deposit was not accpted by the registrar, and hence the court has jurisdiction to determine whether the deposit was made in time before the registrar, and consequently, whether the property has been redeemed.

With respect to whether the court has jurisdiction to pass upon the amended complaint by reason of the amount, it has been decided by this Court in *Juncos Central Company* v. *Del Toro,* 30 P.R.R. 306, wherein a deposit was made in the district court of $60 which had been tendered to the creditor and by him refused, that the district court did not have jurisdiction on the matter by reason of the amount, but the municipal court. In another case, *García* v. *Fernández,* 8 P.R.R. 102, a deposit was made in the municipal court of $30 owed in consequence of a contract of lease for six years which was over $2,000 worth, and this Court decided the appeal against the judgment which the district court rendered in trying the case anew from a judgment of a municipal court, for which reason the consignation of $47.48 made in the instant case did not confer jurisdiction, according to those decisions, to pass upon the proceeding. It is incumbent on the municipal courts according to law, to try all civil matters instituted in its district up to the amount of $500 including interests. *Pujals* v. *District Court,* 40 P.R.R. 87. The petitioners claim that the district court has jurisdiction by the amount, for their deposit is made to redeem or recover a property over $500 worth, and so the

value of the property and not that of the deposit is the one which determines the jurisdiction of the court, and they cite *Cotal* v. *Díaz*, 39 P.R.R. 262; but that case has no application to the instant because a deposit of money was not involved, but the fact that the municipal court in which the action was brought would declare void the sale made by a collector of revenue for the collection of taxes, because he sold a house and lot assessed at $420, while he would have collected the $32.38 owed for taxes by selling the house alone, assessed at $70; and inasmuch as the nullity of the sale of the property assessed at $420 was involved, we said that such an amount being over $300, which is the one which gives us jurisdiction in civil actions commenced in the municipal courts, we could decide the appeal taken from the judgment which the district court rendered in trying the case on appeal.

■■ There is another fundamental question in this case with respect to the time from which the year provided for by Section 348 of the Political Code to redeem properties sold for taxes shall be computed.

Our right of redemption is statutory and therefore the person entitled to redeem must comply with the provisions therein required. 61 C.J. 1241.

The Political Code, as approved in 1902, only granted by its Section 348 the right to redeem real property sold for taxes to the owner thereof, his heirs or assigns, or his duly authorized agents, within ninety days after the certificate of sale was issued. By the amendment made to that Section in 1910 (Act No. 46 of 1910, Sess. Laws, p. 145) that right of redemption was extended to any person having a right or interest in said property and the time for redemption was also extended to a year, to be computed, according to that amendment, from the date of the certificate of purchase. That shows that the persons who had an interest in the properties sold for taxes as mortgage creditors or by having another lien thereon, did not have the right of redemption which has now been accorded to them, and also, that the period

of redemption which is now a year, has been more concretely determined, for it provides that the same shall be computed from the date of the certificate of purchase. Therefore, that period must be computed in that manner, by express provision of the law, as regards all persons entitled to redeem, unless the notice given by the collector of revenue is so late as to render that right granted by the law ineffective. That is not the case here, since the certificate of purchase being dated June 30, 1932, the notice was given to the petitioners and plaintiffs on the 9th day of the following August, a fact which they do not deny, and hence they had almost eleven months to redeem the property, without availing of their right prior to a year from the certificate of sale.

For the foregoing reasons the writ of certiorari issued in this case must be discharged.